# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

_____

JANIE L. GOFORTH                                                                                          PLAINTIFF

    VERSUS                                                                                   No. 2:07-CV-093-P-A

TEREX CORPORATION                                                                                 DEFENDANT
_____

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION {No. 24} TO COMPEL
_____

The plaintiff, Janie L. Goforth, seeks an order compelling the defendant to supplement its discovery responses to the Interrogatories outlined below. Upon due consideration of the motion, the court is of the opinion that it should be granted in part and denied in part.

Plaintiff, an employee of defendant Terex Corporation, has sued Terex for wrongful denial of leave in violation of the Family Medical Leave Act (FMLA), retaliatory discharge in violation of the FMLA, violation of the Employee Retirement Income Security Act (ERISA), and discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff started working for Terex in Southaven in January 2005, as a Human Resource (HR) Administrative Assistant and worked in that department until her termination on March 14, 2006.

Plaintiff propounded interrogatories and requests for production to defendant on August 28, 2007. After an agreed extension of time to respond the discovery requests, defendant served responses, including objections, on November 6, 2007. Counsel communicated concerning these responses and agreed via telephone on December 26, 2007, to narrow the scope of the

interrogatories to include administrative personnel and not all employees. Defendant then belatedly served supplemental responses to the discovery requests on February 1, 2008, the same day that plaintiff filed the instant motion to compel. In the supplemental responses, defendant limited the information to HR department, not all administrative personnel. Because it was filed on the same day the supplemental responses were served, the plaintiff's motion addresses only the original responses. The court has reviewed both the original and supplemental responses and holds that the narrowed scope of the interrogatories was proper. However, in light of plaintiff's argument in her reply outlining specific instances of cross-over in the decision-making and work rules for the defendant company, the court holds that the defendant's responses and supplemental responses were not adequately responsive to the interrogatories in issue.

Under FED. R. CIV. P. 26(b)(1), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The United States Supreme Court has held that the rules of discovery are to be accorded a broad and liberal treatment. *Hickman v. Taylor* 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 2d 451 (1947). The parties' mutual knowledge of all the relevant facts is a prerequisite for proper litigation. *Dollar v. Long Mfg., N.C., Inc.* 561 F.2d 613, 616 (5th Cir. 1977).

Plaintiff lists three interrogatories which she contends defendant should be compelled to answer completely.

> INTERROGATORY NO. 6: Identify all employees who worked in the Southaven facility for you during 2005 and/or 2006, and for each employee, state their address, telephone number, job title or position, their race, and their term of employment.

> ANSWER: OBJECTION. Defendant objects to Interrogatory No. 6 on the basis that the information sought is in large part not relevant to a claim or defense of a party, nor is Interrogatory No. 6 reasonably calculated to lead to the discovery of admissible evidence, since the interrogatory seeks information about non-administrative personnel. Defendant further objects that such information would be unduly burdensome on Defendant due to the large number of employees at the Southaven facility. Without waiving said objection, Defendant would state that during the time period that Plaintiff was employed, Defendant employed approximately 227 employees at the Southaven facility.

The defendant further supplemented this response by providing the number of employees in the HR Department during the time period that plaintiff was employed and attached a listing of said employees. As stated above, the court finds this to be inadequate. The defendant may not unilaterally determine the definition of a "similarly situated" employee. Because there are decision-makers in common between departments, and the same work rules govern all departments within the company, it is clear that employees in the HR department may have been subject to the same rules and policies as administrative personnel in all other departments.

The defendant submits that it "has not flatly refused to provide information, but rather has attempted to properly narrow the scope of the response to similarly situated employees." Narrowing the scope of this interrogatory to similarly situated employees nevertheless mandates that the response include all administrative employees. "Another employee's situation does not have to be identical to serve as a comparable." *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 384 (W.D. Tenn. 1999), citing *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 353 (6th Cir. 1998). Because any administrative personnel within the company could constitute similarly situated employees, the court directs defendant to fully respond to Interrogatory No. 6 by identifying all administrative personnel in the Southaven facility during the stated time period.

INTERROGATORY NO. 7: Identify all employees who worked for you that requested

FMLA time during 2005 and 2006, and for each, state their address, telephone number, job title, and whether the FMLA leave was granted.

ANSWER: OBJECTION. Defendant objects to Interrogatory No. 7 on the basis that the information sought is unduly burdensome and in large part not relevant to a claim or defense of a party, nor is Interrogatory No. 7 reasonably calculated to lead to the discovery of admissible evidence, since the interrogatory is seeking information about non-administrative personnel.

The information sought here goes to the heart of plaintiff's claims. The plaintiff alleges wrongful denial of leave and retaliatory discharge in violation of the FMLA. This court agrees with plaintiff that "the information sought by this request could lead to information regarding [Terex's] practice and procedure in responding to FMLA leave requests." The motion to compel is granted as to Interrogatory No. 7; defendant must proved a complete response to this interrogatory as it relates to all administrative personnel at the Southaven facility.

INTERROGATORY NO. 11: In reference to your response to Interrogatory No. 10, identify all other employees or independent contractors that have done work for you that also failed to perform the duties of their position or violated company policy, if any, during the calendar years: 2006, 2005, 2004, 2003 and 2002, and include their name, address, telephone number, the date of the failure, the specific nature of the failure and what action was taken by you as a result of that failure.

ANSWER: OBJECTION. Defendant objects to the Interrogatory No. 11 on the basis that the Interrogatory is overbroad as to scope and unduly burdensome. Without waiving said objection, Defendant states that it is not aware of any other employee that was terminated for these specific violations of policy.

The defendant further supplemented this response with respect to similarly situated HR employees, stating "that two (2) similarly situated HR employees have been disciplined in the time period identified by the Plaintiff." Because this interrogatory, as submitted by plaintiff in her motion to compel, was adequately limited to similarly situated employees [ *i.e.*, administrative personnel] who violated the same company policies that plaintiff was accused of

violating, defendant is directed to respond fully to Interrogatory No. 11 as it might apply to all administrative employees of the Southaven facility during the stated calendar years.

The plaintiff seeks costs and attorney fees with respect to the preparation of her motion. FED. R. CIV. P. 37 (a)(5)(A) states "the court must not order this payment if the opposing party's nondisclosure, response, or objection was substantially justified." Pursuant to Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure, "if the disclosure or requested discovery is provided after the motion was filed, the court shall, . . . require the party . . . whose conduct necessitated the motion . . . to pay the moving party reasonable expenses incurred in making the motion, including attorney's fees." Fed. R.. Civ. P. 37(a)(4)(A). Such sanctions are automatic. *Vance v. TPI Corp.*, Civil Action No. 3:94cv145-S-A (N.D. Miss. 1995). The self-executing nature of these sanctions, for failure to produce information in response to discovery requests, provides a strong inducement for adhering to the rules of discovery. The court finds that the defendant partially complied with the plaintiff's motion to compel, but not to the extent necessary or agreed upon by the parties. Further, the responses were log overdue when they were filed. It is clear that the plaintiff made several good faith efforts to obtain the disclosure without court action and that the defendant failed to respond until the date of filing of the motion to compel. Accordingly, the plaintiff's motion for fees and expenses associated with the instant motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, is granted. It is, therefore,

**ORDERED:**

The plaintiff's motion to compel is granted. The defendant shall provide full and complete responses to plaintiff's interrogatories as directed above on or before April 27, 2008.

IT IS FURTHER ORDERED that the defendant shall bear the plaintiff's reasonable

expenses incurred by filing her initial motion to compel. Plaintiff shall submit an itemization of all reasonable expenses, including attorneys' fees, incurred in connection with the motion to compel within ten (10) days of the date of this order. Defendant may file objections to this itemization within twenty (20) days of the date of this order. If no objections are filed, plaintiff's' itemization of fees and expenses will be deemed reasonable, and defendant shall tender to plaintiff an amount equal to their total costs within thirty (30) days of this order.

**SO ORDERED**, this the 7th day of April, 2008.

/S/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE